IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELLY ANN HARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:12-CV-0577-VEH |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

Plaintiff Kelly Harden (hereinafter "Ms. Harden") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security

---

[1] The court recently became aware that Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on Mar. 13, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

Administration (hereinafter "Commissioner" or "Secretary"), who denied her application for Disability Insurance Benefits. Ms. Harden timely pursued and exhausted her administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Harden was 43 years old at the time of her hearing before the administrative law judge ("ALJ"). (Tr. 110). She has an eleventh-grade education. (Tr. 153). Her past work experiences include employment as an office manager, data entry clerk, and freight administrator. (Tr. 15-16, 178-81). Ms. Harden claims she became disabled on October 21, 2009, due to degenerative disc disease, anxiety, depression, and seizures. (Tr. 30, 146). Her last period of work ended in October 2009. (Tr. 11, 30, 131).

Ms. Harden filed her application for a period of disability and Disability Insurance Benefits on December 10, 2009. (Tr. 131). The Commissioner denied the claim on February 25, 2010. (Tr. 62). Ms. Harden filed a timely written request for a hearing on March 12, 2010. (Tr. 68). The hearing was held on May 12, 2011. (Tr. 28-60). The ALJ concluded that Ms. Harden was not disabled and denied her application on May 24, 2011. (Tr. 8-16). The Appeals Council denied

Claimant's request for review on December 20, 2011 (Tr. 1-4).

Ms. Harden filed this action for judicial review of the ALJ's decision on February 16, 2012. (Doc. 1). This court has carefully considered the record, and for the reasons stated below, finds that the decision of the Commissioner should be reversed and remanded for further proceedings consistent with this opinion.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the

proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must

---

[2] The "Regulations" promulgated under the Social Security Act are listed in

determine in sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Harden has not engaged in substantial gainful activity since the onset of her alleged disability on October 21, 2009. (Tr. 12). He also found that Ms. Harden's degenerative disc disease constituted a "severe"

---

20 C.F.R. Parts 400 to 499, revised as of March 7, 2013.

impairment based on the requirements in Regulations 20 C.F.R. § 404.1520(c). (Tr. 12). The ALJ then held that Ms. Harden's medically determinable impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security Regulations. (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526); (Tr. 14).

The ALJ determined that Ms. Harden retains a residual functioning capacity ("RFC") to perform sedentary work with the additional restrictions of not climbing ladders, ropes, or machinery, not being a professional driver, and avoiding hazardous machinery and unprotected heights.[3] (Tr. 14). Vocational expert ("VE") David Head, Ph.D., testified that the Dictionary of Occupational Titles ("DOT")[4] characterized Ms. Harden's past work experience as both a freight administrator and office manager as "sedentary, skilled" work. (Tr. 56). The VE further testified that Ms. Harden's former employment as a data entry clerk was

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

[4] The Dictionary of Occupational Titles provides different examples of work activities that fall within the residual functioning capacity for medium work. (Washington, D.C.: U.S. Dept. of Labor, Employment and Training Administration: U.S. G.P.O., 1993). Available online at: http://www.occupationalinfo.org.

classified by the DOT as "sedentary, semi-skilled." (Tr. 57).

In reliance on the VE testimony, the ALJ concluded that Ms. Harden was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for Disability Insurance Benefits under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 16). The ALJ also found, based on VE testimony, that Ms. Harden could perform her past relevant work as a freight administrator, office manager, and data entry clerk. (Tr. 15-16). The ALJ acknowledged that Ms. Harden had previously performed the freight administrator and office manager jobs at a higher than sedentary level of exertion. (Tr. 16). However, based on the VE's testimony, the ALJ found that Ms. Harden's RFC would not preclude her from performing these jobs as they were performed in the national economy. *Id.*

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5] Ms. Harden asserts that the ALJ erred in weighing

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conflicting medical opinions and that the ALJ's RFC findings did not comply with SSR 96-8P and SSR 96-9P. (Doc. 7 at 1, 5, 7).

In its review, this court finds that the ALJ's decision was not supported by substantial evidence, and that the ALJ did not apply the correct legal standards. Specifically, the court finds that the ALJ did not establish good cause for discounting the treating source opinions of Dr. Earl Salser ("Dr. Salser") and Dr. Camilo Gomez ("Dr. Gomez"). The ALJ also failed to provide substantial evidence to support his RFC determination.[6]

## I. THE ALJ'S CONCLUSION THAT MS. HARDEN WAS NOT DISABLED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

### A. The ALJ did not provide good cause for discrediting the treating physicians' opinions.

Ms. Harden argues that the ALJ erred in according significant weight to the opinion of a reviewing medical expert Arthur Brovender, M.D. ("Dr. Brovender"), while not giving enough weight to the opinions of her primary physician, Dr. Salser, and treating physician, Dr. Gomez. (Doc. 7 at 5-7; Tr. 12, 14-15, 31-47, 366).

Although an ALJ is not bound by a physician's opinion when making the ultimate administrative determination of disability, every medical opinion offered

---

[6] Therefore, the court does not reach the other issues presented by Ms. Harden's appeal.

will be taken into consideration. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Moreover, an ALJ is required to afford considerable weight to a treating physician's opinion absent establishing good cause for not doing so. *See Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987) (discussing Eleventh Circuit's treating physician's rule).

The weight accorded a doctor's opinion depends on the doctor's examining and treating relationship with the claimant, as well as the supportability and consistency of that opinion. *See* 20 C.F.R. § 404.1257(c)(1)-(6). An ALJ may discount a treating doctor's opinion if the doctor failed to provide medical evidence in support of his opinion or when the opinion is inconsistent with the record as a whole. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583–84 (11th Cir. 1991)).

In this case, the ALJ's explanations for discounting Drs. Gomez's and Salser's opinions are not substantiated by his reasoning and/or his citations to the record. (Tr. 14-15). Beginning with Dr. Gomez, the ALJ discredited his opinion about Ms. Harden's inability to work because the vocational assessment he generated was for the purposes of helping Ms. Harden to obtain food stamps and parking privileges. (Tr. 15). However, the ALJ did not explain how the stated

9

purpose of Dr. Gomez's evaluation somehow rendered it invalid as a medical source opinion concerning Ms. Harden's vocational abilities. (Tr. 15).

The ALJ also indicated that Dr. Gomez's claim concerning Ms. Harden's inability to work was contradicted by Dr. Gomez's notes stating that the claimant was doing "very well." (Tr. 15). However, the full context of the record reveals that these notes were both made during return visits for the purposes of determining whether Ms. Harden needed any changes to her therapy and were not intended to describe or reflect her vocational functioning. (*See* Tr. 351 ("I think this patient is doing very well and does not need any changes in therapy.")); (Tr. 360 ("I think this patient is doing very well and does not need any changes in therapy at this time.")).

The ALJ similarly overreached when finding that Dr. Salser's opinions were self-contradictory. (Tr. 14-15, 361-62). The ALJ emphasized that at one point Dr. Salser opined that Ms. Harden could lift only five pounds on occasion, and that she had distracting pain that would impair her ability to work, but that elsewhere Dr. Salser indicated that the claimant was "doing well." (Tr. 14-15, 361). Dr. Salser's opinion on Ms. Harden's lifting abilities and pain were made as part of a "Physical Capacity Evaluation" ("PCE") (Tr. 361) and his note that Ms. Harden was "doing well" was made on a visit for prescription refills. (Tr. 358). Akin to Dr. Gomez's

notes, there is no suggestion that Dr. Salser's comment that Ms. Harden was "doing well" was connected to or intended as an assessment of Ms. Harden's vocational abilities.

Therefore, the ALJ's attempted showing of good cause is not substantiated by his reasoning or underlying references to the record, and thus, in the absence of good cause, "he was required to accord considerable weight to [Ms. Harden's] treating physician[s'] opinion[s] . . . ." *Sharfarz*, 825 F.2d at 280-81; *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."); 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.").

Also, as the ALJ did not provide good cause for discounting Dr. Gomez's and Dr. Salser's opinions about Ms. Harden, Dr. Brovender's contrary, non-examining opinions were entitled to little weight. *See Sharfarz*, 825 F.2d at 280

(11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians, such as those of [Dr. Brovender], when contrary to those of the examining physicians are entitled to little weight, and standing alone do not constitute substantial evidence." (citing *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (per curiam))). Accordingly, the case is due to be remanded for these related reasons pertaining to the ALJ's treatment of and weight afforded to the medical opinions contained in the record.

### B. The ALJ's RFC Findings Are Not Substantially Supported.

The ALJ determined that Ms. Harden has an RFC to perform sedentary work. (Tr. 14). The ALJ also restricted Ms. Harden from using ladders, ropes, or scaffolds, from being a professional driver or being around unprotected heights, and from operating hazardous machinery. (*Id.*). These RFC findings were purportedly based on Dr. Brovender's opinion to which the ALJ afforded significant weight, the claimant's testimony, as well as the opinions of Ms. Harden's treating physicians "on occasion." (Tr. 15 ("I find therefore that the objective medical evidence as interpreted by the medical expert and by the treating physician (on occasion) evidence that the claimant has normal functioning (Exhibit B3F).")). However, after expressly referencing his occasional reliance upon Ms. Harden's treating physician evidence, the ALJ then indicated that he gave

"minimal weight" to Dr. Salser's treating physician opinion and no weight to Dr. Gomez's. (Tr. 15). Therefore, the court really cannot discern what amount of weight the ALJ truly afforded these medical source statements when determining Ms. Harden's RFC.

As already discussed, the ALJ did not show good cause for discounting Ms. Harden's treating physicians' opinions, or for relying on those opinions only "on occasion." However, assuming for argument's sake that the ALJ did adequately discredit the vocational opinions provided by Ms. Harden's treating physicians, the court still concludes that a remand for further development is appropriate because the ALJ's RFC findings are not substantially supported.

When formulating Ms. Harden's RFC, the ALJ afforded "significant weight" to the opinions of Dr. Brovender, who never examined Ms. Harden, but did testify during the hearing based upon his paper review of her file. While Dr. Brovender criticized the physical capacity conclusions reached by Dr. Salser (Tr. 41) as being unsubstantiated by the record, he later testified that Ms. Harden's objective indications pertaining to her degenerative disc disease were "marked" meaning "considerable" in his opinion. (*Id.*). Additionally, regarding the impact of Ms. Harden's pain as a disabling factor, Dr. Brovender indicated that he could not "quantify pain" and that "if she says she has pain, I believe it." (Tr. 46). Further,

Dr. Brovender did not provide a separate functional report on Ms. Harden's vocational capacity.

Because the ALJ rejected the vocational opinions offered by Ms. Harden's treating physicians,[7] and because Dr. Brovender's verbal vocational assessment of Ms. Harden is inconclusive at best, *cf. Giddings v. Richardson*, 480 F.2d 652 (6th Cir. 1973) ("To meet such a *prima facie* case <u>it is not sufficient for the government to rely upon inconclusive medical discussion of a claimant's problems without relating them to the claimant's residual capacities in the field of employment</u>.") (emphasis added), the ALJ was left with determining an RFC based upon Ms. Harden's raw medical data.

As the undersigned recently explained in the similar case of *Hare v. Astrue*, No. 7:11-CV-1648-VEH, 2012 WL 3854647 (N.D. Ala. Aug. 31, 2012):

> The ALJ found that Ms. Hare could perform a limited range of

---

[7] The ALJ also afforded only "minimal weight" to the opinions of Dr. Estock, a reviewing doctor, who opined that Ms. Harden's "mental impairments [stemming from depression and anxiety would] cause moderate difficulty in the claimant's ability to maintain social functioning." (Tr. 15, 13); (*see also* Tr. 326 (listing vocational restrictions found to be appropriate by Dr. Estock based upon his mental assessment of Ms. Harden)). In discounting Dr. Estock's mental evaluation, the ALJ purportedly relied upon Ms. Harden's "admitted activities <u>and the treating source records</u>." (Tr. 15 (emphasis added)). This is yet another example of the inconsistent manner in which the ALJ purportedly relied upon as well as discounted the weight of those records generated by Ms. Harden's treating providers when denying her disability claim.

sedentary work. As described earlier, the ALJ limited Ms. Hare to occasional walking, standing, kneeling, crouching, and crawling. The ALJ purportedly found Ms. Hare able to do these tasks based on the physical examination conducted by a non-treating physician, the psychological exams conducted by Drs. Gragg, Sandusky, and Blanton, and "the clear lack of any recommended limitations on the party of her treating physicians...." (R. at 22.) The court has scoured the referenced evidence, as well as the entire record, and can find no support at all for the physical limitations identified by the ALJ. Because the ALJ's physical RFC determination is not supported by any evidence, the ALJ erred in determining that Ms. Hare can still work.

A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997) (citing 20 C.F.R. § 404.1545). In assessing a claimant's physical ability to work, the ALJ considers her ability to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *See* 20 C.F.R. § 404.1545(b). While the ALJ makes the ultimate decision on a claimant's RFC, *see* 20 C.F.R. § 404.1546(c), the ALJ is not qualified to interpret raw data in a medical record, *see Manso–Pizarro v. Sec'y of Health & Human Serv.*, 76 F.3d 15, 17 (C.A.1 (Puerto Rico), 1996); *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass 1998). Moreover, the ALJ has a duty to develop a "full and fair record." *See Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988). Therefore, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

*Hare*, 2012 WL 3854647, at *5 (footnote and record citation omitted).

Comparable to *Hare*, here the ALJ did not order a consultative physical examination of Ms. Harden and instead arrived at her RFC without the benefit of a

corroborative underlying physical capacities evaluation provided by a doctor or a medically-determined RFC.[8] Additionally, this case does not fall into the exceptional category of those limited situations in which "the medical evidence shows relatively little physical impairment, [such that] an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." *Manso-Pizarro*, 76 F.3d at 17; *see id.* ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." (citing *Perez v. Secretary of Health and Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991))) (emphasis added). Indeed, even Dr. Brovender acknowledged that, based upon his review of her records, the degree of Ms. Harden's degenerative disc disease was "marked" or "considerable." (Tr. 41). Accordingly, under the circumstances of Ms. Harden's disability claim, the ALJ's RFC determination is not substantially supported even if the ALJ properly discredited the opinions provided by Ms. Harden's treating doctors, and the case is due to be remanded for this alternative and independent reason.

---

[8] The record does contain a physical residual functional capacity assessment, that Howard Dodson ("Mr. Dodson"), a single decisionmaker, completed on February 25, 2010, *i.e.*, Exhibit B7F. (Tr. 323). Mr. Dodson suggested that Ms. Harden was capable of performing work at the light exertional level. (Tr. 321). However, Mr. Dodson is not a doctor, and in any event the ALJ did not reference this evidence as support for his disability decision. The ALJ did ask Dr. Brovender

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence and does not apply the proper legal standards. Accordingly, the decision of the Commissioner will be reversed and remanded for further proceedings consistent with this opinion.

**DONE** and **ORDERED** this the 29th day of March, 2013.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

questions relating to Exhibit BF7 during the hearing. (Tr. 41-42).